MOSES TAYLOR *vs.* H. D. & JOHN U. BROOKMAN.

The owner of land fronting on the East river in the city of New York, who has
  obtained a grant of land under water, to the exterior line, and is entitled
  thereby to wharfage at a pier in front of his land, can not have an injunction
  to prevent the building of a pier beyond his grant in front of his pier, by
  parties claiming under a grant from the common council, where no authority
  has been given to fill up outside of the exterior line.

The remedy, in such a case, is by an action for damages, or of ejectment, if he
  has any title.

*It seems* that in such a case the owner of the upland has no title to the land
  under water beyond the exterior line.

THE plaintiff is the owner of a piece of land in the city of
  New York, being a portion of a tract formerly owned by
him, which was bounded by Nineteenth street on the north,
by Seventeenth street on the south, by Tompkins street on
the east, and by Avenue B on the west, and the title to
which tract, by means of former conveyances from the own-
ers of the upland, and by grants of land under water from the
common council of the city, have been vested in the plaintiff.
In February, 1865, he sold and conveyed to the defendants
the block lying between Nineteenth and Eighteenth streets,
and Avenue B and Tompkins street, together with all the
water rights growing out of or in anywise appertaining thereto.
The plaintiff retained and still owns the piece of land lying
between Eighteenth street on the north, the center line of
Stuyvesant street on the south, and a line one hundred and
thirty-eight feet easterly of Avenue B and Tompkins street,
with the water rights and privileges thereto appertaining, and
including the right of wharfage and cranage thereon at Tomp-
kins street, which theretofore had been the exterior line of the
said city on the river.

The rights of the several owners to the land under water
between Tompkins street and the land adjoining had been
settled and adjudicated. By the act of 1826, (*ch.* 166,)
Tompkins street was declared to be the exterior line, and all
grants made or to be made by the mayor, &c. thereby were to

Taylor r. Brockman.

be construed as rightfully made to extend thereto. Stuyvesant street had been laid out by the proprietors of the land there as a street, and the same had been recognized as such by the public authorities, but has since ceased to be one of the streets of the city east of the Second avenue, and that part has been closed. The act of 1857, (*ch.* 763, *p.* 638,) established a bulkhead along the East river, from Ninth street to Forty-ninth street, and provided for the erection of a sea wall on that line from Seventeenth street to Thirty-eighth street, with openings therein, and the water space was appropriated for piers and bridges and wet basins. This act, however, gave no right to the city in the land under water, between Tompkins street and the sea wall, nor any to the proprietors of the land west of Tompkins street. The lines of the bulkheads and piers were by this act established according to the report of the harbor commissioners, with some alterations therein stated, and all filling beyond the bulkhead line was prohibited.

In December, 1863, a resolution was passed by the common council granting permission to the defendants as owners of the real estate situate between Nineteenth and Twentieth streets, to fill in and erect and build the bulkhead to the exterior bulkhead line as established by the harbor commissioners, and also to erect and build to the exterior sea wall so established the pier at the end of said streets, of the usual dimensions, under the direction of the street commissioner. Plans and specifications were adopted and approved by the street commissioner. Under this resolution and permission the defendants have commenced building a pier from the foot of Nineteenth street, following the lines of the street to the exterior sea wall, as established by the harbor commissioners. The location of said pier when extended to the sea wall line, will cross between the land of the plaintiff and the sea wall, and would cut off a portion of the end of Stuyvesant street if extended to the sea wall, and in this way deprive the plaintiff of his right to wharfage, &c. on his land and in front

thereof at the sea wall, as he claims to be entitled to. He prayed for an injunction restraining the defendants from erecting any pier or wharf in the waters of the East river beyond a line running easterly from the intersection of Avenue C and the center of Eighteenth street, parallel to the line of Stuyvesant street as extended to the exterior line.

This motion was denied at special term, and the plaintiff appealed.

*John N. Whiting,* for the plaintiff.

*Gilbert Dean,* for the defendants.

*By the Court,* INGRAHAM, P. J. It is not necessary in the disposition of this motion to examine any of the questions which were discussed on the appeal as to the relative rights of the parties to the land lying between Tompkins street and the upland. Those questions were settled when the grants were made by the city and accepted by the parties. All of the land under water west of Tompkins street was owned by the plaintiff, and the sale by him to the defendants of the land between Eighteenth and Nineteenth streets and Tompkins street and Avenue B, with the water rights attached thereto, changed the rights of the plaintiff or his grantors as they originally existed as riparian owners, and gave the defendants the right and title to the land under water or reclaimed from the water within those boundaries free from any right as riparian owners which the plaintiff or his grantors might have before possessed in that portion of the premises so conveyed. Such conveyance also gave to the defendants the right of wharfage, &c. appurtenant to the land so conveyed along the line of Tompkins street, and probably also along the line of the bulkhead as fixed by the harbor commissioners. But the right to wharfage, &c. which accompanied this grant could only be directly in front of and adjoining the land so conveyed, and gave the defendants no right or

title to the wharfage, &c. south of a point formed by the intersection of the north line of Eighteenth street with the exterior line of Tompkins street. Whatever right and title the plaintiff had to wharfage and water rights as attached to the land owned by him south of that line still remained his, and were unaffected by that grant.

The inquiry in this case need not to extend beyond the question which arises as to the right of the plaintiff as the riparian owner at Tompkins street, entitled to wharfage, &c. there, to extend that right to the sea wall and to the intermediate space between the sea wall and Tompkins street.

It does not appear in any of the papers submitted on this appeal whether these piers are to be built on lines prescribed by the harbor commissioners or by the common council. If the harbor commissioners had laid out these piers as extensions of the streets to the sea wall, I do not see how any of the owners could successfully resist the erection of them. The legislature had power to direct such erection, or to permit the common council to provide for their erection. In the absence of any proof to the contrary, we must conclude that they are laid out in accordance with the law.

As before stated, the parties owning to Tompkins street have no right to the land under water east of that street, nor is their right to wharfage affected by the erection of piers outside of that line, so long as access is afforded to the bulkhead. This is provided for by the openings to be made in the sea wall when erected. Under the decision made in *Marshall* v. *Guion,* (1 *Kernan,* 461,) the corporation would have the power to direct piers to be sunk in front of the streets in such manner as they, in their discretion, should think proper, and the individual proprietors, who might build a bulkhead to be used as a public street, and to be entitled to the wharfage thereon, would not thereby acquire a right to construct piers projecting from that bulkhead. Denio, J. says: "It is not the ownership of a lot, but a mere easement. If injured by the erection of other piers, they

might be entitled to damages," but not to prevent the erection of piers beyond their property, and which do not, in fact, prevent the collection of wharfage upon their own portion of the bulkhead.

It seems to me, however, that this appeal must be disposed of on other grounds. Where the plaintiff has no right to the land under water over which it is proposed to build this pier, he ought not by injunction to prevent the erection of what has been decided by the public authority to be necessary and proper for the public use. His property is not invaded. He has nothing but a mere easement which may be affected, and it does not appear that even that will be interfered with by this pier. He must show an undoubted right to what he claims before he can ask a court of equity to aid him in maintaining it.

There is also another reason why a public improvement should not be stayed by injunction, as in the present case. It is that the plaintiff has an ample remedy by action. If he is injured by the erection of this pier, he may recover a compensation for damages therefor, and if he can make out any title to the land over which any part of the pier is built, he can in like manner recover the same by ejectment. The erection of it would not injure him. He has no authority to build any pier over this space, and as a different plan has been adopted by the common council, it is not probable that such plan would be changed so as to permit an erection of a pier on a line parallel with Stuyvesant street, more especially as that street has been discontinued and closed.

There is nothing in the cases between the owners of the upland as set out in the complaint, which can be considered as any adjudication upon the questions before discussed. Those cases related to the rights of the parties in the lands between Tompkins street and the shore. The decisions there made can not be made applicable to this case, in which neither the plaintiff nor the city have any title to the fee, and

where the action is brought merely to protect a right to wharfage, and not any title to the land itself.

My conclusion is that the plaintiff is not entitled to an injunction as prayed for; but that he must be left to his remedy, if he is damaged by the erection of this pier, either by an action for damages, or by ejectment, or such other mode as he may be advised.

The order appealed from should be affirmed, with $10 costs.